IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES LYNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-032 |
| | ) | |
| BRIAN CHAMBERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned case on a form designed for seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  (See doc. no. 1.)  However, as explained in detail below, because he is in custody pursuant to the judgment of a State Court, he is actually seeking relief pursuant to 28 U.S.C. § 2254.  Although a petition challenging a conviction in Toombs County should have been filed in the Statesboro Division of this Court, because Petitioner has filed an impermissible second or successive petition that must be dismissed, the Court will not transfer the case.  Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and **CLOSED**.

**I.   BACKGROUND**

Petitioner was indicted by the Toombs County grand jury with one count of aggravated child molestation and one count of child molestation, and following a jury trial,

he was convicted on both counts.  (Doc. no. 1, pp. 18-19); see also Lynn v. State, 684 S.E.2d 325 (Ga. Ct. App. 2009).  The trial court sentenced Petitioner to a total of sixty years in prison.  (Doc. no. 1, p. 18.)  The Georgia Court of Appeals affirmed the judgment of conviction on September 22, 2009.  Lynn, 684 S.E.2d at 330.  After unsuccessfully seeking state habeas corpus relief, Petitioner filed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  Lynn v. Johnson, CV 613-014 (S.D. Ga. Feb. 11, 2013).[1]  That petition was denied because Petitioner procedurally defaulted his four claims and otherwise did not state a claim for federal habeas corpus relief.  Id., doc. nos. 9, 12.  Petitioner's next federal petition challenging his Toombs County convictions was filed pursuant to 28 U.S.C. § 2241 and ultimately dismissed as an impermissible second or successive § 2254 petition.  Lynn v. Caldwell, CV 618-123, doc. nos. 11, 12 (S.D. Ga. Apr. 23, 2019).

Undeterred, in his current federal petition ostensibly filed pursuant to § 2241, Petitioner again challenges his underlying convictions, contending he received ineffective assistance of counsel in multiple ways, the defective indictment did not "show" when and where the crimes occurred, and the trial court judge gave the jury an erroneous verdict form.  (See generally doc. no. 1.)

## II.     DISCUSSION

Although Petitioner filed his claims on a § 2241 petition form, the label he uses does not prevent the Court from considering the filing for what the substance shows it to be, a request for relief governed by § 2254.  See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*).  "[A] state prisoner seeking post-conviction relief has only one remedy, an application for a writ of habeas corpus."  Medberry

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (allowing a court to take judicial notice of its own records).

2

v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Although all habeas corpus applications from both federal and state prisoners are governed by § 2241, most applications from state prisoners are also subject to additional restrictions applicable under § 2254. Id. That is, § 2254 applies to a subset of the persons identified in § 2241(c) who may be "in custody in violation of the Constitution or laws or treaties of the United States": "a person in custody *pursuant to the judgment of a State court*." Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (quoting § 2254(a) (emphasis in original)). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Id. at 787.

Petitioner is in custody pursuant to the judgment of a State court, namely his judgment of conviction for aggravated child molestation and child molestation, and therefore his petition is subject to the requirements of § 2254. Pursuant to the Court's power to take judicial notice of its own records, the Court finds that Petitioner has filed two prior applications for a federal writ of habeas corpus under § 2254 with respect to these convictions, thereby making the current application successive. As explained below, such a successive application requires authorization from the Eleventh Circuit, and because Petitioner has not satisfied this requirement, his petition must be dismissed.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas

3

corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court "lacks jurisdiction to decide a second or successive petition" and such habeas corpus applications are properly dismissed.  Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (*per curiam*); In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court cannot consider Petitioner's claims.  Romero v. Ford, 735 F. App'x 696, 697 (11th Cir. 2018) (*per curiam*) (explaining that absent authorization from court of appeals to file second or successive petition, "the district court properly dismissed the petition for lack of jurisdiction"); see also In re Medina, 109 F.3d at 1564  (explaining request for relief in second or successive § 2254 petition must start with an application to the Eleventh Circuit).  Accordingly, the instant petition should be dismissed.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of May, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA